HENRY and PIERCE *v.* THE BANK OF SALINA, 5 Hill, 523.

Reported 1 Hill, 555.

*Usury ; Evidence ; Witness.*.

THE word "plaintiff," in the second and eighth sections of the act to prevent usury, (Laws of 1837, p. 486–487,) extends to the party in interest as plaintiff, though he may not be the plaintiff on the record.

Accordingly, where in an action on a promissory note, the defendant pleaded the general issue, and gave notice of the defence of usury, verifying the notice pursuant to the 2d section of that act, the Court of Errors held, contrary to the opinion of the Supreme Court on the point, that the defendant might call and examine the plaintiff in interest notwithstanding the suit was brought in the name of another ; that the offence created by the 6th section of the act, is not consummated until the usury is actually received ; that consequently a mere agreement to receive it would not render the party indictable, and therefore he was not privileged from testifying.

———

The judgment of the Supreme Court was *reversed*, 13 to 8 ; but whoever reads attentively the opinion of Putnam, Senator, in favor of affirmance, will, we apprehend, agree with him, that the decision of the Supreme Court ought to have been affirmed.

The Chancellor in his opinion has not stated the effect and principle of the decision in *Mauran* v. *Lamb,* 7 Cow. 174, and the cases cited by Senator Putnam to the same point, as they have been heretofore understood. The Chancellor seems to suppose that such a witness is only excused, because he is called "to make a disclosure which would forfeit the money actually lent, and interest." But the cases show no such reason for the privilege. It is simply that he is the real plaintiff in interest, and therefore not bound to testify at all for the defendant in a court of law, to any fact whatever. It would seem then that as he is not included in the terms

70

of the act, not being the plaintiff on the record. On that point the argument of Senator Putnam seems unanswerable.